**SHAPIRO & STERNLIEB, LLC**
Northpoint Professional Building
176 Route 9 North, Suite 303
Englishtown, New Jersey 07726
P: (732) 617-8050
F: (732) 617-8060
dsternlieb@shapirosternlieb.com
Attorneys for Plaintiff, Ashley Gremminger
David H. Sternlieb, Esquire, Attorney ID: 040321988

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

ASHLEY GREMMINGER,

       Plaintiff,

   vs.

UNITED STATES OF AMERICA
c/o UNITED STATES DEPARTMENT OF
HEALTH & HUMAN SERVICES
330 C Street, S.W.
Switzer Building, Suite 2600
Washington, DC 20201
       and
MONMOUTH FAMILY HEALTH CARE
CENTER, INC.,
       and
MONMOUTH MEDICAL CENTER,
       and
NATALYA P. KUGAY, M.D.,
       and
MARANATHA LOUGHEED, M.D.,
       and
JOHN DOE #1-20 (FICTITIOUS NAMES
BEING UNKNOWN),

       Defendants.

NO:

**COMPLAINT IN CIVIL ACTION**

**AND JURY TRIAL DEMAND**

**PARTIES**

1.      Plaintiff, Ashley Gremminger, is an adult individual, citizen and resident of the State of New Jersey residing at 34 Franklin Avenue, Leonardo, within the Township of Middletown, County of Monmouth and State of New Jersey.

2.      At all relevant times, Defendant United States of America employed the Monmouth Family Health Care Center, Inc., a licensed provider of medical and/or health care, including in the field of obstetrics and gynecology.  By virtue of this employment relationship, the United States of America is responsible for the negligence of Defendant Monmouth Family Health Care Center, Inc. and its officers, agents, ostensible agents, servants, and employees as detailed below.

3.      At all relevant times, Defendant Monmouth Family Health Care Center, Inc., was an employee of the United States of America and provided medical services at its offices located at 270 Broadway, Long Branch, New Jersey, and upon the campus of  Defendant Monmouth Medical Center located at 300 Second Avenue, Long Branch, New Jersey.

4.      At all relevant times, Defendant Monmouth Family Health Care Center, Inc. was acting as the employee, servant, agent and/or actual agent of the Department of Health and Human Services and/or the United States of America and/or Monmouth Medical Center.

5.      At all relevant times, Defendant Monmouth Family Health Care Center, Inc. was acting within the course and scope of its employment relationship with the United States of America and/or its employment relationship with the Department of Health and Human Services, which is a federal agency, and/or within its agency and/or ostensible agency relationship with the Department of Health and Human Services making the United States of America (care of the Department of Health and Human Services) liable for damages proximately caused by the wrongful, careless, and/or negligent acts or omissions of Defendant Monmouth Family Health Care Center, Inc. as well as its officers, agents, ostensible agents, servants and/or

2

employees.

6.     Defendant Monmouth Family Health Care Center, Inc. is a corporate and/or other legal entity duly organized and existing under the laws of the State of New Jersey with its principal place of business at 270 Broadway, Long Branch, New Jersey.  At all relevant times, Defendant Monmouth Family Health Care Center, Inc. provided medical, healthcare,  and nursing services, including obstetrical services, to patients at its own principal place of business and/or at Defendant Monmouth Medical Center which was located at 300 Second Avenue, Long Branch, New Jersey.

7.     At all relevant times, by virtue of an arrangement, agreement or contract, the Defendant Monmouth Family Health Care Center and/or the Defendant United States of America, employed, leased, utilized and/or shared various healthcare personnel, including, physicians, nurses, other healthcare providers, diagnostic services and medical facilities with the Defendant Monmouth Medical Center in order to provide various medical, diagnostic and nursing services to persons seeking medical care, including, but not limited to, obstetrical care, at Monmouth Medical Center.

8.     At all relevant times, Defendant Monmouth Family Health Care Center was acting by itself and/or by and through its employees, servants, agents and/or ostensible agents including Defendant Monmouth Medical Center, Natalya P. Kugay, M.D., and Maranatha Lougheed, M.D., and is responsible for their actions and/or inactions as detailed below.

9.     Defendant Monmouth Medical Center is a duly licensed, authorized, incorporated, chartered, and/or organized hospital existing under the laws of the State of New Jersey with a principle place of business at 300 Second Avenue, Long Branch, New Jersey.  Al all relevant times, Defendant Monmouth Medical Center was engaged in the business of rendering various medical, diagnostic, nursing and other healthcare services, including, but not limited to, obstetrical services.

3

10.     At all relevant times, Defendant Monmouth Medical Center was acting by itself and/or by and through its employees, servants, agents and/or ostensible agents including Defendants Natalya P. Kugay, M.D., and Maranatha Lougheed, M.D., and is responsible for their actions and/or inactions as described below.

11.     Defendant Natalya P. Kugay, M.D. is a physician duly licensed and authorized to practice medicine in the State of New Jersey and, at all relevant times, practiced medicine, within the fields of obstetrics and gynecology, at Defendant Monmouth Family Health Care Center and/or Monmouth Medical Center. At all relevant times, her business address was 300 Second Avenue, Long Branch, New Jersey.

12.     At all relevant times, Defendant Natalya P. Kugay, M.D. was an employee, servant, agent and/or ostensible agent of Defendants, Monmouth Family Health Care Center and/or Monmouth Medical Center, each or both of which are vicariously liable for Defendant Kugay's negligence as detailed below.

13.     At all relevant times, Defendant Maranatha Lougheed, M.D., was a physician duly licensed and/or authorized to practice medicine in the State of New Jersey and, at all relevant times, practiced medicine, including, among other fields, obstetrics and gynecology, at Defendant Monmouth Family Health Care Center and/or Monmouth Medical Center. At all relevant times herein, her business address was 300 Second Avenue, Long Branch, New Jersey.

14.     At all relevant times, Defendant Maranatha Lougheed, M.D. was an employee, servant, agent and/or ostensible agent of Defendants, Monmouth Family Health Care Center and/or  Monmouth Medical Center, each or both of which are vicariously liable for Defendant Lougheed's negligence as detailed below.

15.     At all relevant times, Plaintiff Ashely Gremminger was under the medical and/or nursing care of all defendants directly and/or indirectly by and through their employees, servants, agents, ostensible agents and/or persons under the

defendants' supervision, direction, direct control or right of control.  These persons include the named defendants and other healthcare providers involved in the care of Plaintiff Ashely Gremminger whose identities are presently known only to defendants, but unknown to the Plaintiff.

16.     At all relevant times, all defendants involved in the care of Plaintiff Ashely Gremminger were engaged in the practice of medicine and/or nursing pursuing their specialties and were obligated to utilize in the practice of their professions, the skill, knowledge and care they possessed in order to pursue their professions in accordance with reasonable safe and accepted standards of medicine and/or nursing in general and their specialties in particular.

17.     All defendants undertook to provide healthcare related services to Plaintiff Ashley Gremminger and her fetus beginning with Plaintiff Ashley Gremminger's presentation to Defendants on or about July 31, 2009 for medical care during her pregnancy through the delivery of her stillborn baby on March 5, 2010.

18.     At all relevant times, John Doe #1-20 are fictitious parties whose identities are unknown although Plaintiff and her counsel diligently have attempted to identify all parties who may be responsible for Plaintiff's damages. The fictitiously pleaded name(s) are intended to represent heretofore unknown individuals or entities, who, by their respective careless and negligent acts or omissions as medical or healthcare providers, including heretofore unknown physicians, nurses, and/or healthcare providers of any kind who may be later discovered to be directly and/or vicariously liable for Plaintiff's damages as set forth herein.

19.     The severe and permanent injuries suffered by the Plaintiff, as set forth herein, were proximately caused by the wrongful acts, negligence and carelessness of the Defendants and/or their employees, servants, agents, ostensible agents, subsidiaries and/or affiliates and were not caused or contributed to or by any act or omission on the part of the Plaintiff.

## JURISDICTION AND VENUE

20.     This Court's jurisdiction is invoked pursuant to the Federal Torts Claims Act, 28 U.S.C.A., §1346(b) and 2674 as well as 28 U.S.C.A. §1367 and 28 U.S.C.A. §2675(a).

21.     On or about August 15, 2013 Plaintiff presented a Standard Form 95 Claim with the United States Department of Health and Human Services.

22.     On or about December 6, 2013, the United States Department of Health and Human Services denied the administrative tort claim of Plaintiff.

23.     Under 28 U.S.C.A. §2675(a), the denial of Plaintiff's administrative tort claim by the Department of Health and Human Services, permits Plaintiff to initiate this action.

24.     The amount in controversy potentially exceeds the sum or value of $150,000 on each count exclusive of interest and costs.

25.     Venue in the District of New Jersey is proper under 28 U.S.C.A. §1391 because the events, acts or omissions giving rise to this action occurred all within this district.

## FACTUAL BACKGROUND

26.     At all relevant times, the Plaintiff Ashley Gremminger was the mother of a female fetus she carried to approximately 35 weeks gestational age until March 5, 2010.

27.     On or about March 5, 2010, the Plaintiff, Ashley Gremminger, after being induced into labor at Monmouth Medical Center, delivered a stillborn baby girl at 35 weeks gestational age.  This procedure was necessary because on March 3, 2010, the Plaintiff was advised that the results of an ultrasound study performed at the hospital confirmed the intrauterine demise of the aforesaid fetus.

Thereafter, from March 3 to March 5, 2010, the Plaintiff, Ashley Gremminger, remained in the hospital, suffered severe emotional distress, mental anguish and physical pain, and was induced into labor until delivering her stillborn female baby on March 5, 2010.

28.     Plaintiff Ashley Gremminger suffered great emotional distress and mental anguish occasioned by her baby's stillbirth and the intrauterine death of her unborn baby.

29.     The Plaintiff brings this action because Ashley suffered from diabetes during the aforesaid pregnancy, yet she received inappropriate care and treatment for this condition, such as insulin injections, which would have protected Ashley and her unborn baby from the harmful effects of diabetes, such as fetal death, and/or because Ashley's pregnancy was mismanaged and/or improperly treated by the defendants, who failed to meet the generally accepted standards of medical care in the diagnosis, management and treatment of Plaintiff's medical conditions and complications arising from or associated with her pregnancy.

30.     At all relevant times, the defendants, Natalya P. Kugay, M.D. and Maranatha Lougheed, M.D., held themselves out to the public and Plaintiff, Ashley Gremminger, as possessing the requisite degree of knowledge, skill, training and experience necessary to competently diagnose and treat various medical conditions associated with the medical care of a pregnant woman and her fetus required of a physician practicing obstetrics and gynecology, including, but not limited to, gestational diabetes, hypertension and/or other conditions or complications known to occur during pregnancy.

31.     At all relevant times, the Plaintiff relied upon and trusted the Defendants to provide her with all of the correct medical information, guidance and advice necessary for the safety and well-being of Plaintiff and her fetus.

32.     Commencing sometime on or after July 31, 2009, Plaintiff, Ashley Gremminger, submitted herself to the medical care and attention of the

Defendants Monmouth Family Health Care Center, Inc., Monmouth Medical Center, Natalya P. Kugay, M.D., and Maranatha Lougheed, M.D., for visits, examinations, diagnosis, management, care and treatments regarding her pregnancy.

33.     At all relevant times, a physician-patient and/or healthcare provider-patient relationship was established and did exist uninterrupted throughout the Plaintiff's pregnancy until her stillborn delivery and, for some time thereafter.

34.     As directed by the Defendants, their agents, ostensible agents, servants and/or employees, the Plaintiff presented herself to the Defendants for monthly prenatal visits commencing in September 2009, yet, the patient records supplied by the Defendants Monmouth Medical Center and Monmouth Family Health Care Center indicate that the only physicians attending to the Plaintiff were Defendant Dr. Lougheed and Defendant Dr. Kugay in December 2009 and on February 16, 2010. The records also indicate that Dr. Kugay was involved in Plaintiff's care from March 3-5, 2010 at Monmouth Medical Center.

35.     On or about February 16, 2010, one or more of the Defendants diagnosed the Plaintiff with gestational diabetes and chronic hypertension, nevertheless, the Plaintiff was discharged home without receiving any treatment for diabetes, medications to take home with her for diabetes treatment, or prescriptions for medications to take for diabetes.

36.     At no time during Plaintiff's pregnancy prior to the demise of Plaintiff's fetus did any of the Defendants prescribe, order and/or administer any medications or other therapeutic modalities intended and designed for the treatment of gestational diabetes, such as insulin, or for the treatment of chronic hypertension.

37.     At all relevant times, the Defendants failed to provide the Plaintiff with sufficient, effective guidance, information and advice pertaining to the management of the aforesaid conditions of gestational diabetes and hypertension, nor did the Defendants provide adequate, effective information, advice and guidance concerning the acceptable and available treatment options for the aforesaid conditions

8

as well as the various alternatives to such treatment options, and, the defendants failed to provide the Plaintiff with any information, advice, guidance or warnings concerning the potential harm that could occur to the Plaintiff and/or her fetus from the aforesaid conditions and/or from a lack of appropriate treatment of these conditions.

38.     On one or more occasions during her pregnancy, Plaintiff presented to the defendants for examination and treatment for complications with her pregnancy, such as her reported sensation that her baby was not as active as before, at which time, the Defendants discharged Plaintiff home rather than providing her with a completed and appropriate workup as to the causes and available treatments for this issue.

39.     On or about March 3, 2010, Plaintiff was advised that the results of an antenatal ultrasound study confirmed the intrauterine demise of her fetus, and, on or about March 3, 2010 through March 5, 2010, Plaintiff was hospitalized at Monmouth Medical Center and induced into labor.

40.     On or about March 5, 2010, Plaintiff delivered a stillborn baby girl at 35 weeks gestational age at Monmouth Medical Center.

41.      At all relevant times, the Defendants, their agents, ostensible agents, servants and/or employees deviated from the generally accepted standards of professional care and practice in that each and/or all of them failed to properly and adequately advise and inform the Plaintiff, Ashley Gremminger, of the complete nature and extent of her condition as well as its effects on the fetus she was carrying, and, furthermore, failed to provide the Plaintiff, Ashley Gremminger, with information concerning the benefits to her and her fetus of treating her condition of gestational diabetes with widely used, effective medications, such as insulin, nor did the defendants provide the Plaintiff such advice concerning chronic hypertension. Moreover, the defendants failed to inform the Plaintiff that her unborn baby could die in-utero or could be stillborn, among other risks, without timely, effective and

appropriate treatment of gestational diabetes and/or chronic hypertension.

42. On or about one or more occasions during the aforesaid pregnancy between July 31, 2009 and March 3, 2010, the Defendants, their agents, ostensible agents, servants, and/or employees, deviated from the applicable generally accepted standards of medical care, prenatal medicine, obstetrics and gynecology under the circumstances in that each and/or all of them failed to properly perform, supervise, interpret, read, manage, direct, report, appreciate, explain, and/or follow-up on one or more of the aforesaid prenatal diagnostic studies, and, in all other ways, the Defendants were careless and/or negligent in the exercise of their respective duties owed to the Plaintiff and in their respective departures and/or deviations from the generally accepted standards of medical and/or professional practice.

43. At all relevant times, the defendants, Monmouth Medical Center and/or Monmouth Family Health Care Center, Inc. were, in all other ways, careless and negligent, in that each or both of them breached all applicable duties owed to the Plaintiff, failed to have effective, appropriate and required policies and procedures in place, and, if they did, failed to properly follow or implement them, and, each or both of them were additionally negligent and/or careless in the hiring, supervision, direction, training and/or retention of the defendant physicians in this matter along with any other of their respective agents, servants or employees whose negligence or carelessness caused or contributed to the Plaintiffs' damages.

44. At all relevant times, the defendants, Monmouth Medical Center and Monmouth Family Health Care Center, Inc. are vicariously liable for the deviations from generally accepted medical standards, negligence and/or carelessness of its agents, servants, and employees, including any of the physicians named as defendants herein who were employed by one or both of the aforesaid defendants.

45. At all relevant times, the defendants committed further deviations from the generally accepted standards of medical practice under the circumstances by failing to impart the Plaintiff, Ashley Gremminger, with sufficient

10

information in order for her to provide informed consent concerning her treatment and medical condition as they might affect Plaintiff and her fetus.

46.     As a direct and proximate cause of the aforesaid deviations from the generally and well accepted standards of medical practice, negligence and careless acts and/or omissions of the Defendants, their agents, servants, and/or employees as alleged herein, the female fetus carried for 35 weeks gestation by the Plaintiff, Ashley Gremminger, suffered fetal demise on or about March 3, 2010 and was caused to be stillborn on March 5, 2010.

47.     As a direct and proximate cause of the foregoing, the Plaintiff, Ashley Gremminger has suffered and continues to suffer severe and permanent pain and in the form of great mental anguish and emotional distress over the loss of the baby daughter she expected to give birth to, love, raise, and nurture for the balance of Plaintiff's lifetime, hedonic damages for their loss of enjoyment of life arising from her great mental anguish and emotional distress, lost time from employment resulting in substantial loss of income and earnings capacity, and she has been caused to incur and will continue to incur substantial bills for the treatment of her emotional distress and mental anguish.

## COUNT I-NEGLIGENCE

## ASHLEY GREMMINGER vs. UNITED STATES OF AMERICA

48.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

49.     The negligence and carelessness of Defendant United States of America is based on the negligence of its employee, Monmouth Family Health Care Center as well as its officers, agents, ostensible agents, servants and employees, and consists of one or more of the following:

(a)     failing to prescribe, order, and/or administer any medications,

11

or in any way  treat Plaintiff for gestational diabetes;

        (b)      failing to prescribe, order, and/or administer any medications, or in any way treat Plaintiff for chronic hypertension;

        (c)      failing to appreciate the risk of gestational diabetes and chronic hypertension during pregnancy;

        (d)      failing to properly and adequately advise and inform Plaintiff of the complete nature and extent of her condition, as well as its effects on the fetus she was carrying;

        (e)      failing to provide Plaintiff with information concerning the benefits to her and her fetus of treating her condition of gestational diabetes with widely used, effective medications, such as insulin;

        (f)      failing to provide Plaintiff with information concerning the benefits to her and her fetus of treating her condition of chronic hypertension;

        (g)      failing to inform Plaintiff that her unborn baby could die in-utero or could be stillborn, among other risks, without appropriate treatment for gestational diabetes and/or chronic hypertension;

        (h)      failing to properly perform, supervise, interpret, read, manage, direct, report, appreciate, explain, and/or follow-up on one or more of the prenatal diagnostic studies;

        (i)      failing to recognize the risks that gestational diabetes and chronic hypertension would have on a fetus;

        (j)      failing to take appropriate measures to decrease the risk that gestational diabetes and chronic hypertension would have on the fetus;

        (k)      failing to oversee and/or supervise its' medical staff to ensure that Plaintiff's condition was properly monitored and treated;

(l)      failing adequately to possess the medical skills, knowledge, experience and techniques for the proper treatment of Plaintiff's condition during pregnancy; and,

(m)      breaching all other applicable duties owed to the Plaintiff under the circumstances;

50.      The negligence of the United States of America was a substantial and contributing factor in causing Plaintiff's injuries and damages.

WHEREFORE, Plaintiff, Ashley Gremminger, hereby demands judgment in her favor and against Defendant United States of America, jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT II-NEGLIGENCE

## <u>ASHLEY GREMMINGER vs. MONMOUTH FAMILY HEALTH CARE CENTER, INC.</u>

51.      The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

52.      The negligence and carelessness of Defendant Monmouth Family Health Care Center, Inc. consists of one or more of the following:

(a)      failing to prescribe, order, and/or administer any medications, or in any way  treat Plaintiff for gestational diabetes;

(b)      failing to prescribe, order, and/or administer any medications, or in any way treat Plaintiff for chronic hypertension;

(c)      failing to appreciate the risk of gestational diabetes and chronic hypertension during pregnancy;

13

(d)      failing to properly and adequately advise and inform Plaintiff of the complete nature and extent of her condition, as well as its effects on the fetus she was carrying;

(e)      failing to provide Plaintiff with information concerning the benefits to her and her fetus of treating her condition of gestational diabetes with widely used, effective medications, such as insulin;

(f)      failing to provide Plaintiff with information concerning the benefits to her and her fetus of treating her condition of chronic hypertension;

(g)      failing to inform Plaintiff that her unborn baby could die in-utero or could be stillborn, among other risks, without appropriate treatment for gestational diabetes and/or chronic hypertension;

(h)      failing to properly perform, supervise, interpret, read, manage, direct, report, appreciate, explain, and/or follow-up on one or more of the prenatal diagnostic studies;

(i)      failing to recognize the risks that gestational diabetes and chronic hypertension would have on a fetus;

(j)      failing to take appropriate measures to decrease the risk that gestational diabetes and chronic hypertension would have on the fetus;

(k)      failing to properly train, hire, retain, oversee and/or supervise its medical staff so that the Plaintiff's condition was properly monitored and treated;

(l)      failing adequately to possess the medical skills, knowledge, experience and techniques for the proper treatment of Plaintiff's condition during pregnancy; and,

(m)      breaching all applicable duties of care owed to the Plaintiff by the Defendant, its agents, ostensible agents, servants and/or employees under the circumstances.

14

53.     The negligence of the Defendant Monmouth Family Health Care Center, Inc. was a substantial and contributing factor in causing Plaintiff's injuries and damages.

WHEREFORE, Plaintiff, Ashley Gremminger, hereby demands judgment in her favor and against Defendant Monmouth Family Health Care Center, Inc., jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT III-NEGLIGENCE

## ASHLEY GREMMINGER vs. MONMOUTH MEDICAL CENTER

54.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

55.     The negligence and carelessness of Defendant Monmouth Medical Center consist of one or more of the following:

(a)     failing to prescribe, order, and/or administer any medications, or in any way treat Plaintiff for gestational diabetes;

(b)     failing to prescribe, order, and/or administer any medications, or in any way treat Plaintiff for chronic hypertension;

(c)     failing to appreciate the risk of gestational diabetes and chronic hypertension during pregnancy;

(d)     failing to properly and adequately advise and inform Plaintiff of the complete nature and extent of her condition, as well as its effects on the fetus she was carrying;

(e)     failing to provide Plaintiff with information concerning the benefits to her and her fetus of treating her condition of gestational diabetes with

15

widely used, effective medications, such as insulin;

(f)      failing to provide Plaintiff with information concerning the benefits to her and her fetus of treating her condition of chronic hypertension;

(g)      failing to inform Plaintiff that her unborn baby could die in-utero or could be stillborn, among other risks, without appropriate treatment for gestational diabetes and/or chronic hypertension;

(h)      failing to properly perform, supervise, interpret, read, manage, direct, report, appreciate, explain, and/or follow-up on one or more of the prenatal diagnostic studies;

(i)      failing to recognize the risks that gestational diabetes and chronic hypertension would have on a fetus;

(j)      failing to take appropriate measures to decrease the risk that gestational diabetes and chronic hypertension would have on the fetus;

(k)      failing to oversee and/or supervise its' medical staff to ensure that Plaintiff's condition was properly monitored and treated;

(l)      failing adequately to possess the medical skills, knowledge, experience and techniques for the proper treatment of Plaintiff's condition during pregnancy; and,

(m)      breaches of all applicable duties of care owed to the Plaintiff by the Defendant, its agents, ostensible agents, servants and/or employees under the circumstances.

56.    The negligence of the Defendant Monmouth Medical Center was a substantial and contributing factor in causing Plaintiff's injuries and damages.

WHEREFORE, Plaintiff, Ashley Gremminger, hereby demands judgment in her favor and against Defendant Monmouth Medical Center, jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with

16

interest and costs.

## COUNT IV-NEGLIGENCE

## ASHLEY GREMMINGER vs. NATALYA P. KUGAY, M.D.

57.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

58.     The negligence and carelessness of Defendant Monmouth Family Health Care Center, Inc. consists of one or more of the following:

(a)     failing to prescribe, order, and/or administer any medications, or in any way  treat Plaintiff for gestational diabetes;

(b)     failing to prescribe, order, and/or administer any medications, or in any way  treat Plaintiff for chronic hypertension;

(c)     failing to appreciate the risk of gestational diabetes and chronic hypertension during pregnancy;

(d)     failing to properly and adequately advise and inform Plaintiff of the complete nature and extent of her condition, as well as its effects on the fetus she was carrying;

(e)     failing to provide Plaintiff with information concerning the benefits to her and her fetus of treating her condition of gestational diabetes with widely used, effective medications, such as insulin;

(f)     failing to provide Plaintiff with information concerning the benefits to her and her fetus of treating her condition of chronic hypertension;

(g)     failing to inform Plaintiff that her unborn baby could die in-utero or could be stillborn, among other risks, without appropriate treatment for gestational diabetes and/or chronic hypertension;

(h)     failing to properly perform, supervise, interpret, read, manage, direct, report, appreciate, explain, and/or follow-up on one or more of the prenatal diagnostic studies;

(i)     failing to recognize the risks that gestational diabetes and chronic hypertension would have on a fetus;

(j)     failing to take appropriate measures to decrease the risk that gestational diabetes and chronic hypertension would have on the fetus;

(k)     failing to oversee and/or supervise its' medical staff to ensure that Plaintiff's condition was properly monitored and treated;

(l)     failing adequately to possess the medical skills, knowledge, experience and techniques for the proper treatment of Plaintiff's condition during pregnancy; and,

(m)      breaches of all applicable duties of care owed to the Plaintiff by the Defendant, its agents, ostensible agents, servants and/or employees under the circumstances.

59.     The negligence of the Defendant Natalya P. Kugay, M.D. was a substantial and contributing factor in causing Plaintiff's injuries and damages.

60.     Defendants Monmouth Family Health Care Center, Inc. and Monmouth Medical Center are vicariously liable for the acts and/or omissions of Defendant Natalya P. Kugay, M.D., their employee, servant, agent and/or ostensible agent.

WHEREFORE, Plaintiff, Ashley Gremminger, hereby demands judgment in her favor and against Defendant Natalya P. Kugay, M.D., jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

**COUNT V-NEGLIGENCE**

**<u>ASHLEY GREMMINGER v. MARANATHA LOUGHEED, M.D.</u>**

61.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

62.     The negligence and carelessness of Defendant Maranatha Lougheed, M.D.  consist of one or more of the following:

(a)     failing to prescribe, order, and/or administer any medications, or in any way  treat Plaintiff for gestational diabetes;

(b)     failing to prescribe, order, and/or administer any medications, or in any way  treat Plaintiff for chronic hypertension;

(c)     failing to appreciate the risk of gestational diabetes and chronic hypertension during pregnancy;

(d)     failing to properly and adequately advise and inform Plaintiff of the complete nature and extent of her condition, as well as its effects on the fetus she was carrying;

(e)     failing to provide Plaintiff with information concerning the benefits to her and her fetus of treating her condition of gestational diabetes with widely used, effective medications, such as insulin;

(f)     failing to provide Plaintiff with information concerning the benefits to her and her fetus of treating her condition of chronic hypertension;

(g)     failing to inform Plaintiff that her unborn baby could die in-utero or could be stillborn, among other risks, without appropriate treatment for gestational diabetes and/or chronic hypertension;

(h)     failing to properly perform, supervise, interpret, read, manage,

19

direct, report, appreciate, explain, and/or follow-up on one or more of the prenatal diagnostic studies;

(i)     failing to recognize the risks that gestational diabetes and chronic hypertension would have on a fetus;

(j)     failing to take appropriate measures to decrease the risk that gestational diabetes and chronic hypertension would have on the fetus;

(k)     failing to oversee and/or supervise its' medical staff to ensure that Plaintiff's condition was properly monitored and treated;

(l)     failing adequately to possess the medical skills, knowledge, experience and techniques for the proper treatment of Plaintiff's condition during pregnancy.

63.     The negligence of the Defendant Maranatha Lougheed, M.D. was a substantial and contributing factor in causing Plaintiff's injuries and damages.

64.     Defendants Monmouth Family Health Care Center, Inc. and Monmouth Medical Center are vicariously liable for the acts and/or omissions of Defendant Maranatha Lougheed, M.D., their employee, servant, agent and/or ostensible agent.

WHEREFORE, Plaintiff, Ashley Gremminger, hereby demands judgment in her favor and against Defendant Maranatha Lougheed, M.D. jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

**COUNT VI-VICARIOUS LIABILITY**

**ASHELY GREMMINGER v. MONMOUTH FAMILY HEALTH CARE CENTER, INC.**

20

65.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

66.     Additionally, the Defendant Monmouth Family Health Care Center is vicariously liable for the negligence of Monmouth Medical Center, Natalya P. Kugay, M.D., and Maranatha Lougheed, M.D., as well as for the carelessness and negligence of its other or additional employees, servants, agents and/or ostensible agents and consists of the acts or omissions set forth in Counts I, II and III, which are incorporated herein by reference.

67.     The negligence and carelessness of Defendant Monmouth Family Health Care Center was a substantial and contributing factor in causing Plaintiff's injuries and damages.

68.     The Defendant Monmouth Family Health Care Center is additionally liable for breaching all applicable duties of care owed to the Plaintiff by this Defendant, its agents, ostensible agents, servants and/or employees under the circumstances.

WHEREFORE, Plaintiff Ashley Gremminger hereby demands judgment in her favor and against Defendant Monmouth Family Health Care Center, jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

**COUNT VII-CORPORATE NEGLIGENCE**

**ASHLEY GREMMINGER vs.  MONMOUTH FAMILY HEALTH CARE CENTER, INC.**

69.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

70.     Plaintiff's injuries were caused by the corporate negligence of

21

Defendant Monmouth   Family Health Care Center in the following particular respects:

(a)     selection, employment and retention of  incompetent, medical, and  nursing professions to practice within its facility, namely those attending to    and caring for Plaintiff Ashley Gremminger between July 31, 2009 and March  5, 2010 ("the relevant time");

(b)     failing to ensure that the physicians, midwives and nurses working within its facility were competent to diagnosis and treat gestational diabetes and chronic hypertension during the pregnancy of Plaintiff Ashley Gremminger;

(c)     Failing to ensure that the physicians, midwives and nurses working within its facility were competent to interpret and appreciate the findings of any test results concerning gestational diabetes and chronic hypertension during the pregnancy of Plaintiff Ashley Gremminger;

(d)     failing to oversee all persons within its facility that treated and/or cared for Plaintiff Ashley Gremminger during the relevant time;

(e)     failing to adequately and thoroughly educate and/or train those physicians, midwives and nurses working within its facility to diagnosis and treat the gestational diabetes and chronic hypertension during the pregnancy of Plaintiff Ashley Gremminger;

(f)     failing to adequately and thoroughly educate and/or train those physicians, midwives and nurses working within its facility to interpret and appreciate the findings of any test results concerning gestational diabetes and chronic hypertension during the pregnancy of Plaintiff Ashley Gremminger;

(g)     failing to adequately and thoroughly educate and/or train those physicians, midwives and nurses attending to Plaintiff Ashley Gremminger during the relevant time of her pregnancy to ensure that they understood the significance of the findings of gestational diabetes and chronic hypertension during pregnancy;

(h)      failing to ensure full oversight by supervisors and/or colleagues of all physicians midwives and nurses attending to Plaintiff Ashley Gremminger during her pregnancy;

(i)      failing to formulate, adopt and enforce adequate rules and policies regarding the diagnosis, evaluation, treatment, management and monitoring of the diagnosis and treatment gestational diabetes and chronic hypertension during a patient's pregnancy;

(j)      failing to have in place and/or failing to ensure the implementation of medical policies and procedures for communication among medical and nursing staff on the diagnosis and treatment gestational diabetes and chronic hypertension during a patient's pregnancy;

(k)      failing to have in place proper procedures to ensure communication between and among the medical and nursing staff to ensure prompt intervention and treatment of the diagnosis of gestational diabetes and chronic hypertension;

(l)      failing to have in place and/or enforce a chain of command to ensure medical attendance to a patient with gestational diabetes and chronic hypertension showing signs of distress, and,

(m)      breaching all applicable duties of care owed to the Plaintiff by the Defendant, its agents, ostensible agents, servants and/or employees under the circumstances.

71.      Defendant Monmouth Family Health Care Center, Inc. had active and/or constructive knowledge of the failures set forth in the immediately preceding paragraph.

72.      The negligence and carelessness of Defendant Monmouth Family Health Care Center, Inc. was a substantial and contributing factor in causing Plaintiff's injuries and damages.

## DAMAGES

73.     As a result of defendants' negligence, Plaintiff, Ashley Gremminger, has suffered and will continue to suffer severe and permanent, physical and emotional harm as a result of the loss of her baby daughter under the circumstances.

74.      As a further result of defendants' negligence, Plaintiff, Ashley Gremminger, has suffered severe and permanent physical pain, shock, humiliation, embarrassment, disability, suffering, mental anguish, and emotional distress and will continue to suffer such harm for the rest of her life.

75.     As a further result of defendants' negligence, Plaintiff, Ashley Gremminger, has suffered and will continue to suffer hedonic damages for her loss of enjoyment of life arising from her aforesaid damages, including, but not limited to, great mental anguish and emotional distress.

76.     As a further result of defendants' negligence, Plaintiff, Ashley Gremminger, has lost time from employment resulting in substantial loss of income and earnings capacity, and she has been caused to incur and will continue to incur substantial bills for the treatment of her emotional distress and mental anguish.

77.     As a further result of the defendants' negligence, the Plaintiff's damages as set forth herein are of a substantial, severe, permanent and continuing nature.

WHEREFORE, Plaintiff, Ashley Gremminger, demands judgment against the Defendants United States of America, Monmouth Family Health Care Center, Inc., Monmouth Medical Center, Natalya P. Kugay, M.D., Maranatha Lougheed, M.D., jointly and severally, in a sum in excess of the jurisdictional limit for arbitration, together with interests and costs.

Respectfully submitted,

Shapiro & Sternlieb, LLC
176 Route 9 North, Suite 303
Englishtown, New Jersey 07726
(732) 617-8050
dsternlieb@shapirosternlieb.com
*Attorneys for Plaintiff, Ashley Gremminger*

By:   s/David H. Sternlieb

Dated:  June 5, 2014          David H. Sternlieb, Esquire